MARK S. BLACKMAN
CA NO. 119466
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. CONCOURS STREET, SUITE 350
ONTARIO, CALIFORNIA 91764
Phone: (626) 371-7000
Fax: (972) 661-7726
E-mail: sdcaecf@bdfgroup.com
File No. 9362823

Attorney for Movant
21ST MORTGAGE CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – (SANTA ROSA)

| | |
|---|---|
| In re:<br>GABRIELA LOGAN,<br>FKA GABRIELA QUIROZ<br>FKA GABRIELA QUIROZ-VARGAS<br><br><br><br>Debtor(s). | CASE NO.:   21-10498-DM<br><br>CHAPTER:   13<br><br>R.S. NO.:   EAT-2072<br><br><br>MOTION FOR RELIEF FROM THE<br>AUTOMATIC STAY<br>(UNLAWFUL DETAINER)<br><br><br>DATE:   January 12, 2022<br>TIME:   9:30 a.m.<br>PLACE:   Via Zoom Tele/Videoconference<br>U.S. Bankruptcy Court<br>99 South E. Street<br>Santa Rosa, CA 95404 |

21ST MORTGAGE CORPORATION ("Movant") hereby moves the court for an Order

Terminating Automatic Stay for cause pursuant to *11 U.S.C. §362(d)(1),* and *11 U.S.C. §105(a)* on the

grounds hereafter set forth:

1.      On November 24, 2021, the Debtor GABRIELA LOGAN, fka Gabriela Quiroz, fka

Gabriela Quiroz-Vargas, commenced this voluntary Chapter 13 case in the United States Bankruptcy

Court for the Northern District of California, Santa Rosa Division, Case No. 21-10498-DM. DAVID

BURCHARD is the duly appointed, qualified and acting Chapter 13 Trustee.

2.     The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*.  Venue in this court is proper under the provisions of *28 U.S.C. Sections 1408* and *1409*.

3.     The Debtor asserts a possessory interest in certain property commonly known as a 2003, The Andrew Karsten Co Inc, "Villa" (27' x 56') mobile home, Serial Number KCCA01K31382A/B, Decal Number LBE9973, located at 414 OTT ST, SPACE 97, SANTA ROSA, CA 95407 (the "Subject Property").

4.     Movant is the current owner of the Subject Property, having acquired title following a foreclosure/repossession proceeding completed on July 6, 2020.

5.     On or about March 10, 2015, Debtor GABRIELA LOGAN, and co-Borrower Larry H. Logan, entered into an agreement to purchase the Subject Property, financing the sum of $127,054.00, and executed a CONSUMER LOAN NOTE, SECURITY AGREEMENT AND DISCLOSURE STATEMENT ("Security Agreement") in favor of 21ST MORTGAGE CORPORATION ("Movant").

6.     Movant is the legal owner as shown on the CERTIFICATE OF TITLE.

7.     The Debtor defaulted under the terms of the Security Agreement in that she failed to make monthly installment payments to Movant and failed to pay mobile home park space rent to the mobile home park.

8.     On September 5, 2019, Movant served a Notice of Default on Debtor and co-Borrower(s), pursuant to California Health & Safety Code Section 18037.5, via certified mail postage prepaid. Said Notice informed Debtor and co-Borrower(s) that they had 45 days or until October 21, 2019 to cure said default and to obtain written proof that the Mobile Home Park had rescinded its Notice of Termination of Tenancy. Said notice further provided that if said Default was not cured, the Subject Property would be sold.

9.     The Debtor failed to cure said defaults; consequently, on June 18, 2020, attorney for Movant served a Notice of Our Plan to Sell Property (Mobilehome) on Debtor and co-Borrower(s), pursuant to California Health & Safety Code Section 18037.5 and the California *Commercial Code*, via certified mail postage prepaid, informing that said Property would be sold at private sale on July 6, 2020.

10. On July 6, 2020, the Subject Property was sold by private sale, with Movant purchasing the Subject Property for the balance due under the Security Agreement. At the time Movant acquired title, Debtor who is a former owner of the Subject Property, co-borrowers were in occupancy thereof, and Plaintiff is informed and believes, and thereon alleges, that Debtor remains in possession thereof.

11. Movant asserts that the filing of the instant bankruptcy is an attempt to delay the eviction proceedings and an attempt to hinder Movant from moving forward with its state law remedies.

12. Movant has no landlord tenant relationship with the Debtor whose right, title and interest in the real property has been foreclosed/repossessed in compliance with applicable non-bankruptcy law. The Subject Property is not necessary to an effective reorganization because it is no longer property of the estate. The Debtor occupies the real property without Movant's consent and has timed the filing of this bankruptcy case to further delay Movant's efforts to obtain a court judgment for possession of the real property.

13. Movant is informed and believes and thereon alleges that the Mobile Home Park where the Subject Property is located has filed a complaint for unlawful detainer and will be filing its own separate motion for relief from stay. Movant is informed and believes that Co-borrower, Larry Logan is deceased.

WHEREFORE, movant prays for an Order as follows:

1. For an Order Granting Relief from the Automatic Stay to allow Movant to enforce its state law foreclosure and eviction remedies against said real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Granting Relief from the Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3. That the Order Granting Relief from the Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

/ / /

/ / /

1    4.    For such other relief as the court deems proper.

2                                              BARRETT DAFFIN FRAPPIER
3                                              TREDER & WEISS, LLP

4    Dated: December 17, 2021              By:    /s/ Mark S. Blackman
5                                                 MARK S. BLACKMAN
                                                  Attorney for Movant
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28