Evan Livingstone (SBN 252008)
**California Rural Legal Assistance, Inc.**
1160 N Dutton Ave, Ste 105
Santa Rosa CA 95401
Phone: (707) 206-6570
Fax: (707) 676-9112
Email: elivingstone@crla.org

Attorney for Debtor Gabriela Logan

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Gabriela Logan<br><br>        Debtor(s) | Case No.    21-10498<br><br>Chapter    13<br><br>**DEBTOR'S OPPOSITION TO MOTIONS FOR RELIEF FROM STAY OF 21ST MORTGAGE CORPORATION AND MIGHTY MHP, INC.**<br><br>Judge:  Hon. Dennis Montali<br><br>Date:    January 12, 2022<br>Time:   9:30 AM<br>           Via Zoom |

## I.   SUMMARY

Debtor filed a Chapter 13 bankruptcy petition on November 24, 2021. Her Chapter 13 plan proposes to:

1) Cure the pre-petition arrears and resume making post-petition payments on the loan securing Debtor's mobilehome, owed to Secured Creditor 21st Mortgage Corporation, and

2) Assume the defaulted lease on Debtor's mobilehome space, by curing all pre-petition rent defaults and resuming all post-petition rent payments Lessor Mighty MHP, Inc.

Now both Secured Creditor 21st Century Mortgage Corporation and Lessor Mighty MHP, Inc., move for relief from stay in order to commence or proceed with unlawful detainer proceedings in state court. Secured Creditor 21st Mortgage Corporation claims that it is the owner of Debtor's mobilehome and asks for permission to initiate an unlawful detainer

proceeding against Debtor to evict her from her mobilehome. Lessor Mighty MHP, Inc. asks permission to continue the unlawful detainer it filed on May 12, 2020.

Secured Creditor 21st Mortgage Corporation argues that relief should be granted because Debtor has no interest in her mobilehome. It claims that 21st Mortgage Corporation repossessed Debtor's mobilehome on July 6, 2020. Lessor Mighty MHP, Inc. argues that relief should be granted because 1) since Debtor no longer owns the mobilehome, the space on which it is located is not necessary for debtor's reorganization, 2) Debtor cannot cure the lease, because it has terminated under state law, and 3) Debtor does not have the financial ability to either cure the pre-petition lease default or continue making post-petition rent payments.

Here, Debtor will argue that 1) substantial evidence shows that Debtor is still the owner of her mobilehome, 2) while Debtor's lease may be terminated under state law, it is still unexpired, because it is a residential lease, and therefore assumable, and 3) Debtor should be given a reasonable opportunity to promptly cure the defaulted rent and provide assurance she can pay the rent going forward. Debtor submits a single opposition to both creditors' motions for relief from stay, because the motions share a common issue—whether Debtor owns the mobilehome where she lives, so that it is necessary for the reorganization of her estate.

## II.    ARGUMENT

### A.    Evidence Shows that Debtor is Still the Owner of Her Mobilehome

Secured Creditor 21st Mortgage Corporation claims that it is the current owner of Debtor's mobilehome. In support of this claim, 21st Mortgage Corporation submits copies of letters that it sent to Debtor stating that it has repossessed the home. However, two compelling pieces of evidence submitted in opposition to the motion by Debtor indicate that Debtor is still the registered owner of the mobilehome.

1) Title Search from the State of California Department of Housing and Community Development, printed January 5, 2022, shows that Gabriela Logan is the registered owner of the mobilehome located at 414 Ott St, Santa Rosa, CA 95407. (Request for Judicial Notice, Ex. 1.)

2) Secured Creditor 21st Century Mortgage continued to send Debtor monthly mortgage statements up until the time Debtor filed bankruptcy in November 2022. Debtor's mortgage

statement, dated November 24, 2021, states that Debtor had a payment due date of December 15, 2021, a regular monthly payment of $1,354.62, and overdue payments of $31,970.75. The statement also lists a "Reinstatement Amount Due" of $33,836.70. (Declaration of Gabriela Logan, Exhibit 1.)

Because Secured Creditor 21st Century Mortgage continued to send mortgage statements to Debtor, after it had allegedly foreclosed on Debtor's mobilehome, Secured Creditor should be estopped from asserting that it foreclosed.

Also, the court can take judicial notice of the fact that Debtor is still the registered owner of the subject mobilehome. (Request for Judicial Notice, Exhibit 1.) Therefore, even if Secured Creditor has taken some action to repossess the mobilehome, it does not appear that Secured Creditor has perfected its title to Debtor's mobilehome.

Therefore, it appears that Debtor still owns her mobilehome. Because Debtor still owns her mobilehome, and her home is obviously necessary to Debtor's reorganization, Secured Creditor 21st Century Mortgage's motion for relief from stay should be denied.

**B.     Debtor's Lease of Residential Real Property May Be Assumed Under Bankruptcy Code §§ 365 and 1322.**

Bankruptcy Code § 1322(b)(7) provides that a Chapter 13 plan may, subject to the requirements of 11 U.S.C. § 365, provide for the assumption of an unexpired lease of the debtor. Bankruptcy Code § 365(b)(1) provides that, if there has been a default in an unexpired lease of the debtor, the lease may not be assumed unless the lessor is given adequate assurance that the default will be promptly cured and adequate assurance of future performance under the lease. Bankruptcy Code § 365(d)(2) provides that in a case under chapter 13, the trustee (or debtor in possession) may assume an unexpired lease of residential real property at any time before the confirmation of a plan.

<u>The Limitation of Bankruptcy Code § 365(c)(3) Does Not Apply to Residential Leases.</u>

Moving Party Lessor Mighty MHP, Inc. cites *In re Acorn Inv.* (Bankr.S.D.Cal. 1981) 8 B.R. 506, *In re Boll Weevil, Inc.* (Bankr.S.D.Cal. 1996) 202 B.R. 762, *In re Windmill Farms, Inc.* (9th Cir. 1988) 841 F.2d 1467, and *In re Escondido West Travelodge* (S.D.Cal. 1985) 52 B.R.

376, to support its argument that Debtor cannot assume her lease because her lease was terminated under state law, when Debtor's landlord served her with a 3-day notice to pay rent or quit and Debtor failed to pay the demanded amount within the three days.

What the Moving Party ignores, is that all of these cases concern nonresidential leases which are subject to the limitation of Bankruptcy Code § 365(c)(3), which provides that the trustee may not assume an unexpired lease of the debtor, if such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief. Because Debtor's lease is a residential lease, Section 365(c)(3) does not apply to her lease. Therefore, the issue of whether or not Debtor's lease is terminated under state law is irrelevant to the present analysis.

Bankruptcy Code § 365(a) does require that a lease be "unexpired" for it to be assumed. Some courts have equated the term unexpired to be synonymous with terminated. ("It is clear that a lease which has been terminated prior to the filing of a Chapter 11 petition has "expired," or ceased to be executory, within the meaning of Section 365 of the Code. 4 Such a lease is not assumable." *In re Acorn Inv*. (Bankr.S.D.Cal. 1981) 8 B.R. 506, 510.) However, a bankruptcy court in *In re Art & Architecture Books of the 21st Century* (Bankr.C.D.Cal. Oct. 27, 2014, No. 2:13-bk-14135-RK) has approved the conclusion of *In Re Morgan* (Bankr. N.D. Ala. 1994) 181 B.R. 579, that the words "expired" and "terminated" are not synonymous.

> The court determines that "expired" and "terminated" are not synonymous and agrees with the interpretation and analysis of those statutory terms found in 11 U.S.C. § 365 by the court in *In re Morgan,* 181 B.R. 579, 583-584 (Bankr. N.D. Ala. 1994) (although interpreting lease governed by Alabama law, the analysis of the terms "expired" and "terminated" in the lease and the statute, 11 U.S.C. § 365 is based on plain meaning of the words as defined in general reference works, including Black's Law Dictionary and Webster's II New Riverside University Dictionary). (*In re Art & Architecture Books of the 21st Century* (Bankr.C.D.Cal. Oct. 27, 2014, No. 2:13-bk-14135-RK) 2014 Bankr. LEXIS 4521, at 2-3.)

The bankruptcy court in *In re Morgan* (Bankr.N.D.Ala. 1994 181 B.R. 579) addressed at length the question of whether a residential lease which had been terminated under state law was expired under the bankruptcy code.

> The Movant contends that the lease may not be assumed because it was terminated under state law and the terms of the lease prior to bankruptcy. If the lease involved was a lease of nonresidential real property, the Movant's argument would be well received. Section 365(c)(3) specifically prohibits the assumption of an unexpired lease of nonresidential

real property that has been terminated under applicable nonbankruptcy law prior to bankruptcy. Conspicuous by its absence is a corresponding prohibition against the assumption of an unexpired lease of residential real property which has been terminated under applicable nonbankruptcy law prior to bankruptcy. The only qualification on the right of a Chapter 13 debtor to assume a residential real property lease, other than prompt cure and adequate assurance of future performance, therefore, is that the lease be "unexpired." If a lease has not expired, it may be assumed upon satisfaction of the conditions contained in section 365(b)(1).

The Movant argues that a lease expires once it has been terminated under state law. If the Movant is correct and the words "expired" and "terminated" are precisely synonymous, then section 365(c)(3) would be unnecessary since by definition a lease "terminated under applicable nonbankruptcy law" could not be an "unexpired lease." For the same reason, the word "expiration" in section 541(b)(2) ("a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease,") and section 362(b)(10) ("a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease,") would be superfluous. (*In re Morgan* (Bankr.N.D.Ala. 1994) 181 B.R. 579, 583.)

The court in *In re* Morgan concluded:

Until the writ is executed, however, an unexpired lease of residential real property may be assumed. *Ross v. Metropolitan Dade County*, 142 Bankr. 1013 (S.D. Fla. 1992), aff'd without opinion, 987 F.2d 774 (11th Cir. 1993); *Buckner v. Colonial House Apartments*, 64 Bankr. 90 (W.D. Tenn. 1986); *In re Talley*, 69 Bankr. 219 (Bankr. M.D. Tenn. 1986); In re Shannon, 54 Bankr. 219 (Bankr. M.D. Tenn. 1985). (*In re Morgan* (Bankr.N.D.Ala. 1994) 181 B.R. 579, 585.)

Finally, the court in *In re Morgan* explained the public policy rationale for permitting debtors to assume a residential lease:

If Chapter 13 is to provide an effective means for this consumer debtor reorganization, it must provide for the temporary retention by those debtors of their dwellings. Section 1322(b)(7) together with section 365, were created by Congress to fulfill that fundamental requirement. If this Court, however, were to adopt the construction of section 365 pressed by the Movant, so that a Chapter 13 debtor would be unable to cure and assume a residential lease after that lease has been terminated, then sections 365 and 1322(b)(7) would be of no use or benefit to Chapter 13 consumer debtors in most cases and the goal of Chapter 13 in consumer cases would be substantially frustrated. (*In re Morgan* (Bankr.N.D.Ala. 1994) 181 B.R. 579, 586.)

Therefore, a residential lease may be assumed even if it terminated under state law, as long as it is unexpired. In the present case, Debtor's lease is unexpired because it was a twelve-month lease that became a month-to-month tenancy. (Declaration of Charles Kline, par. 3). Furthermore, although an unlawful detainer proceeding was commenced, no judgment or writ of execution has been issued by the state court. Therefore, Debtor can assume her lease as long as she can satisfy the provisions of Bankruptcy Code § 365(b)(1).

**C.      Debtor Can Cure the Defaulted Lease Through Her Chapter 13 Plan**

Bankruptcy Code § 365(b)(1) provides that, if there has been a default in an unexpired lease of the debtor, the lease may not be assumed unless the lessor is given adequate assurance that the default will be promptly cured and adequate assurance of future performance under the lease.

      1.      Debtor Should be Given at Least Six Months to Cure Her Pre-Petition
            Default in Rent.

The bankruptcy code does not define what it means to promptly cure a default. There is little case law that discusses what prompt means in the context of a residential lease. While Debtor initially proposed to cure the pre-petition default in rent over the 5-year term of her Chapter 13 plan, this may not be "prompt." Again, the court in *In re Morgan* (Bankr.N.D.Ala. 1994) 181 B.R. 579, provides practical reasoning regarding how much time a Chapter 13 debtor should be allowed to cure the default of a residential lease.

> In order to assume a residential lease, the Chapter 13 debtor must provide adequate assurance of (a) prompt cure of any default in the lease, (b) compensation for pecuniary loss resulting to the lessor from default in the lease, and (c) future performance under the lease. Cure of a default in the payment of rent under the lease means that the debtor must pay the rent arrearage in full. Compensation for pecuniary loss ordinarily means that the debtor must pay any accrued costs of collection provided for under the lease in full. In order to constitute adequate assurance, the debtor must propose to pay the rent arrearage and lessor's collection costs promptly. There is no definition of "prompt" in the bankruptcy code. Logic dictates, however, that any rent arrearage and the lessor's collection costs must be paid prior to the renewal date of the lease. As a practical matter, a debtor will seldom be benefitted by the assumption of a lease where the remainder of the term of the lease is short. As a rule of thumb, this Court adopts a time period of six months, absent evidence that a different period should be required. If the debtor cannot pay the arrearage and costs in six months, then it may be that curing the lease is not in the debtor's best interest and will not result in a sufficient benefit to the debtor to justify the burden necessary to effect the cure. (*In re Morgan* (Bankr.N.D.Ala. 1994) 181 B.R. 579, 587-588.)

Following this guideline, Debtor should be given at least six months to pay the pre-petition rent due on her lease.

      2.      Debtor will be able to Make Future Rent Payments to Lessor Mighty
            MHP, Inc.

Lessor Mighty MHP, Inc. points to Debtor's schedule I as evidence that Debtor does not have enough income to provide adequate assurance of future performance under the lease.

Debtor's economic outlook has improved since she filed her bankruptcy petition.

1) Debtor has a part-time job. She started working for a delivery company called GoPuff, as an independent contractor delivery driver, working 20 hours a week making $18 an hour which is about $1,560 a month. With this income she is only about $120 short of making her chapter 13 payments and paying her ongoing expenses. She is looking for full time work to increase her income further. (Declaration of Gabriela Logan, par. 3, 4.)

2) Debtor completed an application for the state Emergency Rental Assistance Program on December 22, 2022. The application Id is 49516. (Declaration of Gabriela Logan, par. 5.)This money from the state will compensate the landlord for 18 months of rent and utility charges, and will reduce the amount of Lessor Mighty MHP's claim by about $13,000.

Thus, it appears, that Debtor has or is rallying the financial resources to promptly cure her default in payment of rent and also make her monthly rent payments going forward.

Given the purpose of Chapter 13 of the bankruptcy code to give debtors an opportunity to reorganize their debt and keep their homes, Debtor should be given a chance to confirm a bankruptcy plan within 6 months that will promptly cure defaulted rent payments and provide for ongoing rent payments, before Lessor Mighty MHP, Inc. is granted relief from stay and is permitted to take away the home that is necessary to Debtor's reorganization.

### III.    CONCLUSION

Secured Creditor 21st Century Mortgage's motion for relief from stay should be denied, because it has not met its burden of proof that it is the owner of Debtor's mobilehome. In the alternative there should be an evidentiary hearing for the court to consider the conflicting evidence of who is the owner of Debtor's mobilehome.

Lessor Mighty MHP, Inc.'s motion for relief from stay should be denied without prejudice, because Debtor should be given the opportunity to confirm a bankruptcy plan that promptly cures her default in payment of rent and provides adequate assurance that she will make future rent payments on time.

Dated: January 6, 2022

/s/Evan Livingstone
Evan Livingstone
Attorney for Debtor

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I Evan Livingstone, hereby certify that on January 6, 2022, a copy of:

**DEBTOR'S OPPOSITION TO MOTIONS FOR RELIEF FROM STAY OF 21ST MORTGAGE CORPORATION AND MIGHTY MHP, INC., DECLARATION OF DEBTOR GABRIELA LOGAN'S IN OPPOSITION TO MOTIONS FOR RELIEF FROM STAY, DEBTOR'S REQUEST FOR JUDICIAL NOTICE**

to the Chapter 13 Trustee and US Trustee electronically, and by email to the creditors as listed below:

        Mark Blackman
        Barrett Daffin Frappier, Treder & Weiss, LLP
        3990 E. Concours Street, Suite 350
        Ontario, CA 91764
        E-mail: sdcaecf@bdfgroup.com

        Brian Barboza
        Law Offices of Brian A. Barboza
        141 Stony Cir Ste 221
        Santa Rosa, CA 95401
        Email: bbarboza@barbozaesq.com

I declare under penalty of perjury the above facts to be true and correct.

Executed in Santa Rosa, California on January 6, 2022      /s/ Evan Livingstone
                                           Evan Livingstone